# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHEAY TON,<br><br>                                    Plaintiff,<br>   vs.<br><br>WELLS FARGO BANK, NA; WELLS FARGO HOME MORTGAGE,<br><br>                                  Defendant. | CASE NO. 09cv2276 JM(POR)<br><br>ORDER GRANTING MOTION TO DISMISS; GRANTING LEAVE TO AMEND |

      Wells Fargo Bank, N.A. individually and dba Wells Fargo Home Mortgage (collectively "Wells Fargo"), moves to dismiss Plaintiff Sopheay Ton's foreclosure related claims for failure to state a claim. Plaintiff did not file a response to the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to dismiss and grants Plaintiff 30 days leave to file an amended complaint from the date of entry of this order. Plaintiff is advised that the failure to file an amended complaint will likely result in the dismissal of this action with prejudice.

## BACKGROUND

      On October 9, 2009, Wells Fargo removed this foreclosure action based upon diversity jurisdiction. In the original complaint filed in the San Diego Superior Court, Plaintiff, proceeding <u>in propria persona</u>, asserted three claims for declaratory relief, reformation, and breach of contract.

      Plaintiff alleges that in February 2006 he purchased "a family home," located in Valley Center,

1    California, with an adjustable rate mortgage loan issued by Wells Fargo. (Compl. ¶3). The loan for
2    $785,781 was secured by a Deed of Trust. (RJN Exh. A). In December 2008, Wells Fargo notified
3    Plaintiff that he was in default and that Wells Fargo would proceed to enforce its rights under the loan
4    documents. (Id. ¶9, 11, 13).

5    Plaintiff also makes the generalized claim that wells Fargo "no longer owns Mr. Ton's loan.
6    Based on information and belief, the loan was securitized, with interests in the instrument bundled into
7    multiple high risk bonds that were sold as low risk investments." (Compl. ¶8). Mr. Ton concludes
8    that Wells Fargo has "no right to foreclose oh the property secure[d] by the loan at issue because there
9    is or are no statute of fraud sufficient writings." (Compl. ¶10).

10   Based upon the generalized nature of the allegations, Wells Fargo moves to dismiss the
11   complaint. Mr. Ton did not file a statement of non-opposition nor an opposition as required by Local
12   Rules 7.1(e)(2) and 7.1(f).[1]

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, __550 U.S. __, 127 S.Ct. 1955 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The defect must appear on the face of

---

[1] Pursuant to Local Rule 7.1(f)(3)(c), the failure to file an opposition or non-opposition "may constitute a consent to the granting of a motion or other request for ruling by the court."

1  the complaint itself.  Thus, courts may not consider extraneous material in testing its legal adequacy.
2  Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991).  The courts may, however,
3  consider material properly submitted as part of the complaint.  Hal Roach Studios, Inc. v. Richard
4  Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

5  Finally, courts must construe the complaint in the light most favorable to the plaintiff.  Concha
6  v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996).  Accordingly,
7  courts must accept as true all material allegations in the complaint, as well as reasonable inferences
8  to be drawn from them.  Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992).  However,
9  conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6)
10 motion.  In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

11 **The Declaratory Relief Claim**

12 The first claim for declaratory relief broadly seeks a declaration that Wells Fargo does not have
13 "the right to foreclose against the property."  (Compl. ¶13).  More specifically, Plaintiff identifies five
14 potential controversies with respect to Wells Fargo's right to foreclose: (1) whether Wells Fargo
15 complied with the statute of frauds; (2) whether the interest on the loan was properly calculated; (3)
16 whether the variable interest rate is enforceable; (4) whether the variable interest rate applicable to the
17 loan should "be struck because it is adhesive and unconscionable;" and (5) whether the court should
18 exercise its equitable powers and stay the action.  Id.

19 The court concludes that Plaintiff fails to set forth sufficient factual allegations "to raise a right
20 to relief above the speculative level."  Bell Atlantic Corp v. Twombly, 127 S.Ct. 1955.  A trustee's
21 foreclosure sale under a deed of trust is presumed valid.  Sierra-Bay Fed. Oland Bank Ass'n v.
22 Superior Court, 227 Cal.App. 3d 318, 336 (1991).  At a minimum, Plaintiff must identify the factual
23 basis for the claim.  For example, Plaintiff must do more than simply allege in conclusory fashion that
24 the interest rate is not properly calculated, the statute of frauds is violated, or that the deed of trust is
25 nor enforceable.  Plaintiff must allege the factual basis for these claims.  Consequently, this claim is
26 not adequately pled under Iqbal and Twombly.

27 In sum, the motion to dismiss the declaratory relief claim is granted.

28

**The Reformation Claim**

The second claim for reformation alleges that the variable interest rate is "illegal" and that the contract documents are unconscionable. (Compl. ¶15). Notably, there are no factual details concerning the interest rate or the contract documents. The court concludes that these conclusory allegations similarly fail to apprise Wells Fargo of the nature of the claims asserted against them such that they can prepare an adequate response to the complaint. Such threadbare allegations do not suffice to state a claim. Ashcroft, 129 S.Ct. 1937.[2]

In sum, the motion to dismiss the reformation claim is granted.

**The Breach of Contract Claim**

The third claim for breach of contract alleges that the variable interest rate is unenforceable and that the contract documents are "adhesive and unenforceable." (Compl. ¶18). No further allegations concerning this claim are alleged. Consequently, such conclusory allegations fail to state a claim,

In sum, the motion to dismiss is granted with 30 days leave to amend from the date of entry of this order. Plaintiff is advised that the failure to file an amended complaint will likely result in the dismissal of this action with prejudice.

**IT IS SO ORDERED.**

DATED:   December 10, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:         All parties

---

[2] The court notes that Defendants raise additional deficiencies with the reformation claim including, for example, the statute of limitations.